IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID ERIC MCCLAIN, | ) | |
| | ) | NO. 3:20-cv-00937 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

### MEMORANDUM

Pending before the Court is Petitioner David Eric McClain's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), the Government's response (Doc. No. 5), and Petitioner's reply (Doc. No. 6).

For the reasons set forth herein, Petitioner's *pro se* Motion (Doc. No. 1) will be **DENIED**, and this action **DISMISSED**.

### I. BACKGROUND

On February 5, 2019, Petitioner entered a plea of guilty to a single charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. (*See* Doc. Nos. 75, 76, *United States v. McClain*, Case No. 3:18-cr-00052 (M.D. Tenn.)). The parties then agreed to a submit a Joint Sentencing Recommendation recommending a sentence of 180 months' imprisonment, the Petitioner agreed not to appeal his conviction or the sentence, and the Government agreed to dismiss the remaining four counts of the indictment.[1] (*Id.*, Doc. Nos. 100, 102). On November 1, 2019, Petitioner was sentenced to the parties' jointly recommended sentence of 180 months; the Government then moved to dismiss the remaining counts of the indictment, which was granted. (*Id.*, Doc. No. 104). Petitioner did not appeal his conviction or

---
[1] The Superseding Indictment charged Petitioner with four additional counts of possession of firearms and ammunition. *See* Doc. No. 22, *United States v. McClain*, Case No. 3:18-cr-00052 (M.D. Tenn., Jun. 13, 2018).

sentence.

Now before the Court is Petitioner's motion to vacate arguing that his trial attorney rendered ineffective assistance of counsel by "convincing Petitioner to plead guilty to an indictment that was 'flawed on its face.'" (Doc. No. 1). Petitioner contends that under the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his knowledge of status is a material element of the charge, and failure of the indictment to allege that he knew he was a felon at the time he possessed the firearm that is the subject of the relevant charge, renders the indictment "fatally flawed." Petitioner argues that his attorney should have never allowed him to plead guilty to a flawed indictment, and should have instead proceeded to trial, and once a jury was empaneled and jeopardy attached, should have moved for an acquittal based on the "flawed" indictment.

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

Under the Supreme Court's procedural default rule, Petitioner's failure to raise his *Rehaif*

claim in the underlying criminal litigation or on appeal means that he presumptively cannot raise it in a motion under Section 2255 unless he shows cause and prejudice. *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing *Coleman v. Thompson*, 501 U.S. 722, 747 (1991)). Ineffective assistance of counsel can establish cause if the petitioner shows "both that an attorney performed incompetently and that this malpractice prejudiced them." *Id*. (citing *Nagi v. United States*, 90 F.3d 130, 134-35 (6th Cir. 1996). To prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 669.

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner

3

is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States,* 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claims does not require the resolution of any factual dispute.

### III. ANALYSIS

Here, Petitioner cannot show that trial counsel's representation fell below an objective standard of reasonableness or that he suffered prejudice because Petitioner's proffered trial strategy, what he calls a "loophole," had no probability of success, and counsel's advice that Petitioner enter a guilty plea and proceed with sentencing following the Supreme Court's ruling in *Rehaif* was objectively reasonable and caused no prejudice. In his reply, Petitioner states that he is not stating that trial counsel was ineffective for not moving to withdraw the plea, but that trial counsel was ineffective for failing to advise Petitioner "that he was pleading in a proceeding with a flawed indictment constituting 'structural error' in the procedure as a whole." (*See* Doc. No. 6).

Although Petitioner appears to disclaim the argument in his reply brief, the Court nevertheless begins with Petitioner's assertion that trial counsel was ineffective for not directing Petitioner to withdraw his plea, proceeding to trial, and then moving to dismiss the indictment based on its failure to allege that Petitioner knew of his felon status. This argument is entirely without merit. First, there is little probability that the Court would have granted a motion to

4

withdraw a plea of guilty due to the *Rehaif* decision when there was no legitimate contention that Petitioner misapprehended the charge against him or that the Government would be unable to prove knowledge of felon status at trial. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (listing factors the court must consider in deciding whether to grant a motion to withdraw a guilty plea).

Even if the Court had allowed Petitioner to withdraw his plea of guilty, it would have denied a motion to dismiss based on sufficiency of the indictment. "[T]he requirement that an indictment allege all of the elements of the offense charged … seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense." *United States v. Ward*, 957 F.3d 691, 694 (6th Cir. 2020) (quoting *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)); *see also United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (holding that an indictment's failure to allege the knowledge of felony status element as required by *Rehaif* does not deprive the court of jurisdiction). Here, there is no evidence that Petitioner was not able to present a defense or was otherwise not put on notice of the crime he was charged of committing. Nor is there any reasonable suggestion that, if the case had proceeded to trial, that Petitioner could have successfully contested that he knew of his felon status. Indeed, the Presentence Investigation Report shows that Petitioner had eight prior felony convictions at the time he possessed the firearm, including a conviction in 2002 for being a felon in possession of a weapon; four of the prior felony convictions qualified as violent felonies or serious drug offenses for purposes of the Armed Career Criminal Act. (*See* Doc. No. 126 (sealed)).

For these same reasons, counsel was not ineffective for failing to advise Petitioner at the time of the plea that the indictment omitted a material element that the Government would have to

5

prove at trial. The omission of this element is not, as Petitioner contends, a "structural defect." Moreover, given that Petitioner entered the plea before the ruling in *Rehaif*, it was not objectively unreasonable for trial counsel not to have advised Petitioner of the omitted element before *Rehaif* ruling decided that knowledge of felon status was, in fact, an element of the charge.

Finally, trial counsel's advice to maintain the plea of guilty and procced to sentencing was not objectively unreasonable given the benefit to the Petitioner. The agreed sentencing recommendation resulted in the Government agreeing to dismiss four other charges and to a recommended sentence of the statutory minimum. If he had proceeded to trial, Petitioner would have lost the benefit of that agreement. Moreover, there is no reasonable probability that trial counsel or Petitioner would have expected the Government's case to fail for lack of proof on the knowledge of status element. As noted above, Petitioner had eight prior felony convictions, four of which qualified as violent felonies or serious drug offenses for purposes of the Armed Career Criminal Act. (*See* PSR, Doc. No. 126 (sealed)).

Under these circumstances, Petitioner has not shown that trial counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice that would allow the Court to excuse the procedural default and consider the petition. Even if the Court considered the claims on the merits, it would reach the same result. In sum, there is no evidence that if Petitioner's indictment contained an explicit "knowledge of status" element, that he would not have pled guilty and proceeded with his case in the same way.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown deficient performance by his trial attorney, or any prejudice based on his attorney's advice that Petitioner enter a plea of guilty as to a single count of felon in possession of a firearm and proceed to sentencing on that charge. Accordingly, Petitioner's Motion (Doc. No. 1) will be **DENIED**, and this action **DISMISSED**.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE